**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL DONALDSON,                          *

Plaintiff,                                         *

v.                                                  *          Civil Action No. SAG-23-0753

WARDEN JEFFREY NINES, *et al.*,        *

Defendants.                                     *
                                                   ***

## MEMORANDUM OPINION

Plaintiff Michael Donaldson, a prisoner confined at North Branch Correctional Institution ("NBCI"), filed this civil rights action. ECF No. 1. Donaldson alleges he was denied placement in a single cell, which was medically indicated, and as such he spent an additional sixty day on disciplinary segregation. *Id*. at 2-3. The action is pending against Defendants Warden Jeffrey Nines and Chief of Security Ronald Stotler. *Id*. at 1.

On September 25, 2023, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 13. Donaldson was given an opportunity to respond to the motion and has failed to do so. ECF No. 14. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons discussed below, Defendants' Motion, construed as a Motion to Dismiss, will be granted due to Donaldson's failure to exhaust administrative remedies.

### Background

On March 16, 2023, the Court received Donaldson's initial Complaint for filing. The Complaint is dated March 12, 2023. ECF No. 1. Donaldson states that on February 13, 2023, he was to be removed from disciplinary segregation and returned to general population. *Id*. at 2. He states that he is "single 'cell status' due to his 'medical condition.'" *Id*. When Donaldson asked

the transporting officer if he was being taken to a single cell, the officer advised him he was being housed with another inmate and that the institution did not have a single cell available.  *Id*. at 3. Donaldson showed the officer his documents which validated his single cells status, but the "institution" refused to transfer him to a single cell.  *Id*.

Donaldson states that Defendants are responsible for the operations of NBCI and for the welfare of inmates and showed deliberate indifference to his conditions.  *Id*. at 3.  Donaldson claims that both Defendants were advised of his need for a single cell and failed to respond reasonably.  *Id*.  Donaldson also claims that Defendants acted negligently in not providing him a single cell which resulted in his being held on disciplinary segregation for an additional sixty days. *Id*.

Donaldson states that he filed an administrative remedy procedure ("ARP") which was dismissed but he did not appeal.  *Id*. at 2.  He states he did not appeal because he does not believe Defendants care about his conditions or status.  *Id*.  He seeks nominal and punitive damages. *Id*. at 4.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment asserting that the Complaint should be dismissed because Donaldson has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  ECF No. 13-1 at 3-4, 8-11.  Defendants also assert that they are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity; Donaldson has failed to state a claim under the Eighth Amendment or for negligence; and they are entitled to immunity under the Maryland Tort Claims Act.  ECF No. 13-1 at 7-8, 14-19 6-1 at 4-6.

In regard to the defense of exhaustion, Defendants provide a Declaration by Kristina Donnelly, Special Assistant to the Director of the Patuxent Institution, whose job duties include

"access[ing] requests for administrative remedies ('ARPs') that are appealed by prisoners throughout the Maryland Division of Correction to the Commissioner of Correction." ECF No. 13-2 at ¶¶ 1-3. Donaldson filed ARP NBCI 0182-23 alleging that a doctor recommended he be single celled but the institution did not have any single cells available. A "search of the available records did not produce any record of the Headquarters Administrative Remedy Procedure (APR)/Inmate Grievance Process (IGP) unit having received an ARP appeal from incarcerated person Michael Donaldson, 361180 specific to Case No. NBCI 0182-23." *Id.* at ¶ 3.

Defendants have also provided an affidavit from F. Todd Taylor, Jr., Director of the Inmate Grievance Office ("IGO"). ECF No. 13-3 at ¶ 1. Taylor avers that as Director of the IGO he is responsible for maintaining records of grievances filed against DPSCS or Patuxent officials regarding their conditions of confinement. *Id.* Taylor reviewed the IGO's files and avers "there are no documents identifying that Mr. Donaldson filed a grievance to the IGO concerning his allegation that NBCI disregarded his unspecified medical condition when it did not have any more single cells to provide him." *Id.* at ¶ 3.

## Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).

## Discussion

Defendants raise the affirmative defense that Donaldson has failed to exhaust his administrative remedies. ECF No. 13-1 at 8-11. Donaldson has not responded to Defendants' Motion.

If Donaldson's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

4

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was

prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aguilar-Avellaveda*, 478 F. 3d at1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by DPSCS may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP).  If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.  If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Here, it appears that Donaldson was aware of the administrative grievance process and the process was available to him.  He began the process by filing a grievance.  ECF No. 1 at 2.  There is no record that he appealed the Warden's decision, and Donaldson states in his Complaint that he did not appeal because he did not believe that staff cared about his situation. *Id*.

There is no avenue available here by which the exhaustion requirement can be excused. Donaldson's claims against Defendants are unexhausted and will be dismissed without prejudice.[1]

A separate Order follows.

March 22, 2024                                        /s/
Date                                         Stephanie A. Gallagher
                                             United States District Judge

---

[1]  The Court need not address Defendants' additional defenses insofar as claims against them are dismissed for Donaldson's failure to exhaust administrative remedies.